*809 RESOLUCIÓN
Examinada la petición de presentada ante esta Curia por Betterecycling Corp. el 27 de abril de 2015, se provee “no ha lugar”.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada Oronoz Rodríguez emitió un voto de conformidad, al que se unió la Juez Asociada Señora Rodríguez Rodríguez y el Juez Asociado Señor Martínez Torres. El Juez Asociado Señor Rivera García emitió un voto particular disidente, al cual se unió la Jueza Asociada Señora Pabón Charneco. El Juez Asociado Señor Estrella Martínez expediría.
(.Fdo.) María I. Colón Falcón

Secretaria del Tribunal Supremo Interina

Voto de conformidad emitido por la
Jueza Asociada Oronoz Rodríguez, al cual se unieron la Juez Asociada Señora Rodríguez Rodríguez y el Juez Asociado Señor Martínez Torres.
Estoy conforme con la determinación de una mayoría de este Tribunal en cuanto a no expedir el recurso de epígrafe. Tras evaluar con detenimiento el tracto procesal de los hechos ante nuestra consideración, estimo que no debemos atender este caso, entre otras razones, debido a que durante la tramitación judicial de este asunto surgieron cam-bios fácticos que tornaron en ficticia su solución. Cruz v. Administración, 164 DPR 341, 348-349 (2005). Me explico.
La Junta de Subastas de la Autoridad de Carreteras y Transportación (Autoridad de Carreteras) adjudicó a R & F Asphalt Inc. (R & F) la buena pro de una subasta para el *810 reemplazo de varios puentes en la autopista Luis A. Ferré. Inconforme con esta determinación, Betterecycling Corp. (Betterecycling) —quien también fue licitadora en la referida subasta— presentó al Tribunal de Apelaciones un recurso sobre impugnación de subasta. Previo a la presentación del recurso ante el foro intermedio, Betterecycling inició otro procedimiento aparte ante la Administración de Servicios Generales (ASG), en el que solicitó que R & F se eliminara del Registro Unico de Licitadores.(1)
Posteriormente, el Tribunal de Apelaciones evaluó el recurso sobre impugnación de subasta y confirmó la adjudicación realizada por la Autoridad de Carreteras. El foro apelativo determinó que Betterecycling se limitó a exponer en su recurso que la ASG debió eliminar a R & F del Registro Unico de Licitadores porque dicha empresa, presuntamente, estaba siendo investigada por unos delitos relacionados con fraude. Por lo tanto, concluyó que le correspondía a la ASG —en el otro pleito— dirimir si R & F debía permanecer o no en el referido registro. Aclaró el tribunal intermedio que este asunto ya estaba siendo atendido por la ASG y que, si las partes estaban inconformes con la eventual adjudicación de la ASG, podían presentar un recurso de revisión ante el foro intermedio. Por último, el Tribunal de Apelaciones entendió que no era el momento para atender la controversia sobre si R & F debía ser eliminado del Registro de Licitadores.
En este contexto, e inconforme con la determinación del Tribunal de Apelaciones, es que Betterecycling acude a este Tribunal. Dentro del procedimiento de impugnación de subasta señaló como error que el foro apelativo no atendió su planteamiento sobre si R & F era un licitador hábil o responsable conforme lo requiere el Registro Único de Licitadores. Evaluados sus argumentos, le ordenamos a R *811 & F y a la Autoridad de Carreteras que mostraran causa por la cual no debíamos expedir el auto y revocar la determinación del foro intermedio. Así las cosas, compareció la Autoridad de Carreteras y nos informó que anuló la subasta objeto de este recurso.(2) Tras suscitarse ese hecho, el recurso sobre impugnación de subasta presentado por Betterecycling se convirtió en académico.
Es una norma firmemente establecida que los tribunales solo deben atender controversias genuinas cuya solución afecte las relaciones jurídicas entre las partes. E.L.A. v. Aguayo, 80 DPR 552, 558 (1958). Así, un pleito se convierte en académico cuando su solución no tendrá efectos prácticos sobre estas. Cruz v. Administración, supra, pág. 349; Com. de la Mujer v. Srio. de Justicia, 109 DPR 715, 724-725 (1980). Una vez se determina que un caso se tornó académico, los tribunales deben abstenerse de considerarlo. Cruz v. Administración, supra. Sin embargo, hemos establecido varias excepciones que permiten la consideración de una controversia aun cuando se haya tomado académica, a saber, cuando la situación de hechos fue modificada por el demandado pero no tiene características de permanencia, cuando se plantea una cuestión recurrente o cuando subsisten consecuencias colaterales relevantes. Cruz v. Administración, supra, pág. 349; Com. de la Mujer v. Srio. de Justicia, supra, pág. 725.
En el presente caso es evidente que la controversia ante nuestra consideración se convirtió en académica. Betterecycling impugnó la adjudicación de la subasta a R & F y, estando dicho pleito ante nuestra consideración, la Autoridad de Carreteras, motu proprio, anuló la referida adjudicación. Coincido plenamente en que los procesos de subasta están revestidos del más alto interés público y que debemos proteger los recursos económicos del Pueblo *812 de Puerto Rico. Costa Azul v. Comisión, 170 DPR 847, 854 (2007). Sin embargo, no puedo estar de acuerdo con atender una controversia en clara contravención a normas arraigadas en nuestro ordenamiento que sirven de garantía para el ejercicio adecuado de nuestro poder. Al anularse la subasta impugnada no hay interés ni sana administración pública que salvaguardar.
Asimismo, considero que no nos encontramos ante alguna excepción que nos permita evaluar el asunto. El hecho de que la Autoridad de Carreteras anulara la subasta en cuestión, por sí solo, no significa que estamos ante una situación o controversia que evada la revisión judicial. Por el contrario, nos encontramos ante una actuación con características de permanencia. Por otra parte, los argumentos están faltos de prueba sobre si la controversia particular del caso de autos ocurre o no con frecuencia. Más bien parecería ser una situación atípica en la que dos partes están dilucidando controversias distintas, pero relacionadas, en múltiples foros.(3)
Finalmente, la controversia relacionada a si R & F puede ser parte del Registro Unico de Licitadores, le compete atenderla en primera instancia a la ASG y, posteriormente, al Tribunal de Apelaciones. Con gran probabilidad, en su momento, este Tribunal tendrá la oportunidad de expresarse al respecto. Me parece que atender dicho asunto a destiempo es una intromisión indebida con el curso ordinario que, como regla general, deben seguir los litigios, así como con el proceso de revisión judicial. Resulta preocupante que aun cuando esta controversia sea académica y no se cumplan los *813 criterios excepcionales para que podamos considerarla, algunos miembros de este Tribunal entiendan que procede ex-pedir el caso para pautar una norma que a todas luces equivaldría a una opinión consultiva, sin ningún tipo de efecto práctico sobre las partes. Por todo ello, considero que pro-cede actuar conforme a las normas de justiciabilidad y al ejercicio prudente de nuestro poder para resolver las controversias, de manera que continuemos fomentando la confianza en nuestro sistema de justicia.

 Argumentó que R & F Asphalt Inc. negó en una declaración jurada que presentó ante la Administración de Servicios Generales que era objeto de investigación por la alegada comisión de ciertos delitos sobre fraude.

 Moción Informativa y en Solicitud de Desestimación y Archivo del caso por Académico, presentada por la Autoridad de Carreteras, Caso Núm. CC-2015-0329, Pieza 1.

 Entiendo pertinente hacer constar varios señalamientos en cuanto al caso que el Juez Asociado Señor Rivera García citó en el escolio 9 de su Voto particular disidente. En primer lugar, dicho caso fue presentado en este Tribunal pero no ha sido evaluado por el Pleno para determinar si procede o no su expedición. De hecho, ni siquiera ha sido discutido en alguna de las salas de despacho. Ante ello, me parece extremadamente prematuro indicar que se relaciona en algún aspecto al caso de epígrafe. Por otra parte, aun si para fines de argumentación fuera correcto que la alegada controversia del caso citado por el compañero Juez se relaciona al presente recurso, ello por sí solo no supera el obstáculo que nos impone la doctrina de academicidad.